☒ FILED   ☐ LODGED

**Feb 11 2021**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

MICHAEL BAILEY
United States Attorney
District of Arizona
JACOB H. OPERSKALSKI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jacob.operskalski@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 4:19-cr-03003-SHR-MSA (– 2) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Cruz Paola Quintero-Luke, (T/N) | (Fast Track § 5K3.1/ Government Savings § 5K2.0) |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

<u>PLEA</u>

1.     The defendant agrees to plead guilty to Count Five of the Indictment charging the defendant with a felony violation of 21 U.S.C. § 963, Conspiracy to Import Fentanyl, Heroin, and Methamphetamine. The remaining counts of the Indictment will be dismissed at the time of sentencing.

<u>Elements of the Offense</u>

2.     The elements of the offense are as follows:

a.     The defendant agreed with at least one other person to commit the crimes of Importation of Fentanyl, Heroin, and Methamphetamine as charged in the Indictment;

*Lacsamana*

b.      The defendant became a member of the conspiracy knowing that its object was the Importation of Fentanyl, Heroin, and Methamphetamine, in violation of 21 U.S.C. § 963, and intending to accomplish said object.

As a sentencing factor, the government would be required to prove the quantities of fentanyl, heroin, and methamphetamine the defendant conspired to import.

### Maximum Penalties

3.      The defendant understands that the maximum penalties for the offense to which he/she is pleading are a fine of $10,000,000.00, a term of life imprisonment with a mandatory minimum term of ten (10) years, or both, and a term of between five (5) years and lifetime supervised release.

4.      The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5.      Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count.  The special assessment is due and payable at the time the defendant enters the plea of guilty, and shall be paid no later than the time of sentencing unless the defendant is indigent.  If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Drug Conviction & Immigration Consequences

6.      The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

7.      The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty

-2-

1   that the defendant will be removed or deported from the United States. The defendant

2   agrees that he/she has discussed this eventuality with his/her attorney. The defendant

3   nevertheless affirms that he/she wants to plead guilty regardless of any immigration

4   consequences that this plea entails, even if the consequence is the defendant's automatic

5   removal from the United States.

6                      STIPULATIONS, TERMS AND AGREEMENTS

7                          Agreements Regarding Sentencing

8            8.    Guideline Calculations: Although the parties understand that the Guidelines

9   are only advisory and just one of the factors the Court will consider under 18 U.S.C.

10  § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties

11  stipulate and agree that the following guideline calculations are appropriate for the charge

12  for which the defendant is pleading guilty should the Court find that the defendant was an

13  average participant in the offense:

| 14 | Base Offense Level | 2D1.1(c)(3) | 34 |
|---|---|---|---|
| 15 | Importation of Methamphetamine | 2D1.1(b)(5) | +2 |
| 16 | Safety Valve* | 2D1.1(b)(18) | -2/0 |
| 17 | | [18 U.S.C. §3553(f)] | |
| 18 | Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |
| 19 | Early Disposition/Government Savings | 5K3.1/5K2.0 | -4 |
| 20 | Total Adjusted Offense Level: | | 27/29 |

21      *Safety Valve: Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and (C), the United States

22  and the defendant stipulate that the defendant shall receive a two-level reduction in the

23  guideline offense level if the defendant meets all five criteria required for the defendant's

24  eligibility for the "safety valve" reduction pursuant to the United States Sentencing

25  Guidelines §§ 2D1.1(b)(18) and 5C1.2(a). However, if the defendant is ineligible under

26  the United States Sentencing Guidelines, but qualifies for "safety valve" under the

27  expanded Safety Valve Relief under the First Step Act pursuant to 18 U.S.C. § 3553(f),

28  then the United States will recommend that the defendant receive a two-level downward

1   variance pursuant to 18 U.S.C. § 3553(a).  In exchange for the recommendation, the
2   defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) if
3   the United States Sentencing Commission amends Section 5C1.2 to reflect the safety valve
4   provisions under the First Step Act and makes that amendment retroactive. If the defendant
5   is not eligible for "safety valve" relief under the guidelines or under the First Step Act, then
6   the parties agree that this particular provision will be void and all other provisions of this
7   plea agreement shall remain in full force and effect.

8       9.      The government and the defendant agree and stipulate that, for purposes of
9   entering into this plea agreement, the defendant's Base Offense Level will be calculated on
10  the basis that the controlled substances were 3.56 kilograms of fentanyl, 1.16 kg heroin of
11  heroin, and 1.04 kilograms of a mixture or substance containing a detectable amount of
12  methamphetamine.

13      10.     Sentencing Agreement if Defendant is Safety Valve Eligible:  Pursuant to
14  U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the
15  defendant stipulate and agree that the following are the applicable guideline ranges for the
16  offense, if the defendant is eligible for "safety valve" as set forth above in paragraph 8:

17          70 to 87 months imprisonment if defendant's Criminal History Category is I;
18          78 to 97 months imprisonment if defendant's Criminal History Category is II;
19          87 to 108 months imprisonment if defendant's Criminal History Category is III;
20          100 to 125 months imprisonment if defendant's Criminal History Category is IV.

21          a.      The defendant may withdraw from the plea agreement if he/she
22  receives a sentence in excess of the stipulated ranges listed above.

23          b.      The defendant may not move for any adjustments in Chapters Two,
24  Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing
25  Guidelines.  The defendant may argue for a mitigating role adjustment under U.S.S.G.
26  § 3B1.2, and the government may argue against the adjustment.  If the Court grants the
27  mitigating role adjustment, the government will not withdraw from the agreement if the
28  resulting sentence is below the stipulated range in this agreement.

- 4 -

c.      The defendant may argue for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, and the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

11.      Sentencing Agreement if Defendant is Not Safety Valve Eligible: Pursuant to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, if the defendant is not eligible for sentencing under the provisions of paragraph 10 because the defendant has not met the eligibility requirements of "safety valve" (as described above in paragraph 8):

120 months imprisonment if defendant's Criminal History Category is I;

120 to 121 months imprisonment if defendant's Criminal History Category is II;

120 to 135 months imprisonment if defendant's Criminal History Category is III;

121 to 151 months imprisonment if defendant's Criminal History Category is IV;

140 to 175 months imprisonment if defendant's Criminal History Category is V;

151 to 188 months imprisonment if defendant's Criminal History Category is VI.

a.      The defendant may withdraw from the plea agreement if he/she receives a sentence in excess of the stipulated ranges listed above. The government may withdraw from the plea agreement if the Court sentences the defendant below the mandatory minimum term of imprisonment for this offense.

b.      The defendant may not move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant may argue for a mitigating role adjustment under U.S.S.G. § 3B1.2, and the government may argue against the adjustment. If the Court grants the mitigating role adjustment, the government will not withdraw from the agreement if the resulting sentence is below the stipulated range in this agreement provided that the sentence is not below the mandatory minimum term of imprisonment.

- 5 -

1          c.     The defendant may argue for a variance under 18 U.S.C. § 3553(a) in

2  support of a sentence request below the stipulated range in this agreement, and the

3  government may oppose the requested variance.  The government, however, will not

4  withdraw from the agreement if the defendant argues for, and the Court grants, a variance

5  below the stipulated range in this agreement provided that the sentence is not below the

6  mandatory minimum term of imprisonment.

7        12.    If there are any co-defendants in this case, this plea agreement is contingent

8  upon the successful guilty pleas of all co-defendants.  If any of the co-defendants do not

9  plead guilty in this case, the government reserves the right to withdraw from the plea

10  agreement.

11        13.    The defendant understands that if the defendant violates any of the conditions

12  of the defendant's supervised release, the supervised release may be revoked.  Upon such

13  revocation, notwithstanding any other provision of this agreement, the defendant may be

14  required to serve a term of imprisonment or the defendant's sentence may otherwise be

15  altered.

16        14.    The defendant and the government agree that this agreement does not in any

17  manner restrict the actions of the government in any other district or bind any other United

18  States Attorney's Office.

19        15.    The defendant understands and agrees to cooperate fully with the United

20  States Probation Office in providing (a) all criminal history information, i.e., all criminal

21  convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e.,

22  present financial assets or liabilities that relate to the ability of the defendant to pay a fine

23  or restitution; (c) all history of drug abuse which would warrant a treatment condition as

24  part of sentencing; and (d) all history of mental illness or conditions which would warrant

25  a treatment condition as part of sentencing.

26        16.    If the Court, after reviewing this plea agreement, concludes any provision is

27  inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P.,

28

1 | giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity
2 | to withdraw defendant's guilty plea.

3 | <center>Forfeiture</center>

4 |     17.    Nothing in this plea agreement shall be construed to protect the defendant
5 | from civil forfeiture proceedings or prohibit the United States from proceeding with and/or
6 | initiating an action for civil forfeiture. Further, this agreement does not preclude the United
7 | States from instituting any civil proceedings as may be appropriate now or in the future.

8 | <center>Waiver of Defenses and Appeal Rights</center>

9 |     18.    Provided the defendant receives a sentence in accordance with this fast-track
10 | plea agreement, the defendant waives (1) any and all motions, defenses, probable cause
11 | determinations, and objections that the defendant could assert to the indictment or
12 | information; and (2) any right to file an appeal, any collateral attack, and any other writ or
13 | motion that challenges the conviction, an order of restitution or forfeiture, the entry of
14 | judgment against the defendant, or any aspect of the defendant's sentencing-including the
15 | manner in which the sentence is determined, the determination whether defendant qualifies
16 | for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing
17 | guideline determinations. The sentence is in accordance with this agreement if the sentence
18 | imposed does not exceed 125 months imprisonment if the District Court determines the
19 | defendant is "safety valve" eligible or 188 months imprisonment if the District Court
20 | determines the defendant is not "safety valve" eligible. The defendant further waives: (1)
21 | any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal
22 | the imposition of sentence upon defendant under Title 18, United States Code, Section
23 | 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a
24 | requested variance; (4) any right to collaterally attack defendant's conviction and sentence
25 | under Title 28, United States Code, Section 2255, or any other collateral attack; and (5)
26 | any right to file a motion for modification of sentence, including under Title 18, United
27 | States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in
28 | the dismissal of any appeal or collateral attack the defendant might file challenging his/her

<center>- 7 -</center>

1   conviction or sentence in this case. If the defendant files a notice of appeal or a habeas
2   petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion
3   of the government, be remanded to the district court to determine whether defendant is in
4   breach of this agreement and, if so, to permit the government to withdraw from the plea
5   agreement. This waiver shall not be construed to bar an otherwise-preserved claim of
6   ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined
7   by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

8                              Reinstitution of Prosecution

9       19.   Nothing in this agreement shall be construed to protect the defendant in any
10  way from prosecution for perjury, false declaration or false statement, or any other offense
11  committed by the defendant after the date of this agreement. In addition, if the defendant
12  commits any criminal offense between the date of this agreement and the date of
13  sentencing, the government will have the right to withdraw from this agreement. Any
14  information, statements, documents and evidence which the defendant provides to the
15  United States pursuant to this agreement may be used against the defendant in all such
16  proceedings.

17      If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
18  court in a later proceeding, the government will be free to prosecute the defendant for all
19  charges as to which it has knowledge, and any charges that were dismissed because of this
20  plea agreement will be automatically reinstated. In such event, the defendant waives any
21  objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment
22  to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees
23  that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will
24  not be offered if prosecution is re-instituted.

25                                  Plea Addendum

26      20.   This written plea agreement, and any written addenda filed as attachments to
27  this plea agreement, contain all the terms and conditions of the plea. Any additional
28  agreements, if any such agreements exist, shall be recorded in a separate document and

1     may be filed with the Court under seal. Accordingly, additional agreements, if any, may
2     not be in the public record.

3     <div align="center">WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS</div>
4     <div align="center">Waiver of Rights</div>

5          I have read each of the provisions of the entire plea agreement with the assistance
6     of counsel and understand its provisions. I have discussed the case and my constitutional
7     and other rights with my attorney. I understand that by entering my plea of guilty I will be
8     giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and
9     compel the attendance of witnesses; to present evidence in my defense; to remain silent
10    and refuse to be a witness against myself by asserting my privilege against self-
11    incrimination; all with the assistance of counsel; to be presumed innocent until proven
12    guilty beyond a reasonable doubt; and to appeal.

13         I agree to enter my guilty plea as indicated above on the terms and conditions set
14    forth in this agreement.

15         I have been advised by my attorney of the nature of the charge to which I am entering
16    my guilty plea. I have been advised by my attorney of the nature and range of the possible
17    sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the
18    sentence the court imposes.

19         My guilty plea is not the result of force, threats, assurances or promises other than
20    the promises contained in this agreement. I agree to the provisions of this agreement as a
21    voluntary act on my part, rather than at the direction of or because of the recommendation
22    of any other person, and I agree to be bound according to its provisions. I agree that any
23    Sentencing Guidelines range referred to herein or discussed with my attorney is not binding
24    on the Court and is merely an estimate.

25         I agree that this written plea agreement contains all the terms and conditions of my
26    plea and that promises made by anyone (including my attorney) that are not contained
27    within this written plea agreement are without force and effect and are null and void.

28         I am satisfied that my defense attorney has represented me in a competent manner.

<div align="center">- 9 -</div>

1    I am not now on or under the influence of any drug, medication, liquor, or other

2    intoxicant or depressant, which would impair my ability to fully understand the terms and

3    conditions of this plea agreement.

4                         Factual Basis and Relevant Conduct

5        I further agree that the following facts accurately describe my conduct in connection

6    with the offense to which I am pleading guilty and that if this matter were to proceed to

7    trial the government could prove the elements of the offense beyond a reasonable doubt:

8        On or about October 22, 2019, at or near Nogales, in the District of Arizona,
     Karla Guadalupe Grajeda-Gonzalez and Cruz Paola Quintero-Luke entered
9    the United States from the Republic of Mexico via the DeConcini Port of
     Entry. Karla Guadalupe Grajeda-Gonzalez was the driver of a 2010 Honda
10   Civic, and Cruz Paola Quintero-Luke was a passenger in the vehicle. The
     vehicle contained 3.56 kilograms of fentanyl, 1.16 kilograms of heroin and
11   1.04 kilograms of methamphetamine concealed in a non-factory
     compartment in the undercarriage. Cruz Paola Quintero-Luke knew the
12   vehicle contained controlled substances when she entered the United States
     and she admits the controlled substances were fentanyl, heroin and
13   methamphetamine. Cruz Paola Quintero-Luke had made an agreement with
     Karla Guadalupe-Grajeda-Gonzalez and with other parties known and
14   unknown to deliver the fentanyl, heroin, and methamphetamine to another
     person in the United States. Cruz Paola Quintero-Luke intended to be
15   compensated for her participation in the narcotics smuggling conspiracy.

16

17

18   _02/11/2021_                    _by_ [signature] _w/ consent for_
     Date                            Cruz Paola Quintero-Luke
19                                    Defendant

20                         DEFENSE ATTORNEY'S APPROVAL

21       I have discussed this case and the plea agreement with my client in detail and have

22   advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the

23   constitutional and other rights of an accused, the factual basis for and the nature of the

24   offense to which the guilty plea will be entered, possible defenses, and the consequences

25   of the guilty plea, including the defendant's waiver of the right to appeal. No assurances,

26   promises, or representations have been given to me or to the defendant by the government

27   or by any of its representatives which are not contained in this written agreement. I concur

28   in the entry of the plea as indicated above and on the terms and conditions set forth in this

1   agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure
2   the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim.
3   P.
4        I translated or caused to be translated this agreement from English into Spanish to
5   the defendant on the _9th_ day of _FEBRUARY_ 2019. 2024
6
7
8   Date: _02/10/2021_                    _____
9                                         Vincent L. Lacsamana, Esq.
                                          Attorney for Defendant
10                      GOVERNMENT'S APPROVAL
11        I have reviewed this matter and the plea agreement.  I agree on behalf of the United
12   States that the terms and conditions set forth are appropriate and are in the best interests of
13   justice.
14
15                          MICHAEL BAILEY
                            United States Attorney
16                          District of Arizona
17                          JACOB          Digitally signed by
                                           JACOB OPERSKALSKI
18   Date: _____     OPERSKALSKI     Date: 2021.02.10
                                           09:33:46 -07'00'
19                          JACOB H. OPERSKALSKI
                            Assistant U.S. Attorney
20
21
22
23
24
25
26
27
28

- 11 -